[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant Schleicher Machinery und-Vertrieb GmbH moves to dismiss this action on grounds of insufficiency of service of process and lack of jurisdiction of the person.
This is an action claiming damages for personal injury allegedly sustained by the plaintiff caused by what the plaintiff claims to be a defect in design of a certain machine identified as an In-Line Drilling Machine, Model RV-46. The machine was allegedly leased to the plaintiff's employer, the Wedgewood Group of Naugatuck, Connecticut, by the first named defendant, Eric Riebling Co., of Mount Vernon, New York, which is the defendant in the first count of the complaint. The second count of the complaint is directed against this defendant, hereinafter referred to as "Schleicher." This count alleges that this defendant is "a corporation doing business in Geretsried, Germany." It is alleged that this defendant is the manufacturer of the machine, and that it sold the machine to the lessor, the defendant Eric Riebling Co., Inc., of Mount Vernon, New York.
The defendant Schleicher moves to dismiss on two grounds. First, the defendant contends that "the Hague Convention controls when service of process is made abroad", and that the Hague Convention requires that the plaintiff serve legal process on a "central authority" which, in Germany, is designated as the "Bavarian State Ministry of Justice." Second, it is claimed that the defendant did not subject itself to suit by virtue of any activity as enumerated in General Statutes § 33-411 (c), subparagraphs (1), (2), (3) or (4), which would subject it to suit under the Connecticut "long arm statute."
The complaint does not allege that the defendant was transacting business in this state. Nor does the complaint allege any of the activities enumerated in General Statute § 33-411 (c), the "long arm statute". The mere fact, however, that the plaintiff has not alleged minimum contacts in the complaint is not decisive of this motion in and of itself. "It has not been the practice in this state to require these minimum contacts to CT Page 14588 be made part of the allegations in the complaint." StandardTallow Corporation v. Jowdy, 190 Conn. 48, 53 (1983).
However, once the issue is raised concerning jurisdiction, where the jurisdiction is based on constructive service, the procedural and substantive posture concerning burden of proof is clear.
 "This court has recognized that the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used."
Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54 (1983).
The defendant further alleges that the plaintiff has failed to comply with what it claims to be the directive of the Hague Convention, and claims that process fails if those directives are not complied with.
The plaintiff had the right to claim a trial-like hearing, including pre-hearing discovery, concerning the defendant's jurisdictional claims. See Standard Tallow Corporation v. Jowdy, supra, p. 55 to 60. The plaintiff had the right, if it objects to the motion, to file, at least 5 days before the motion was to be considered on the short calendar, a memorandum of law, and where appropriate, supporting affidavits as to facts not apparent on the record. (P.B. 143) The motion to dismiss was scheduled for short calendar determination on November 20, 1995. The plaintiff did not appear, did not request a postponement either orally or in writing, nor did the plaintiff in any fashion indicate to opposing counsel that he intended to oppose the motion.
The plaintiff was given ample opportunity to attempt to sustain his burden of proof concerning jurisdiction if he chose to avail himself of that opportunity. Having not joined the issue in any fashion the court determines that the motion to dismiss must be granted. The pleadings, set forth in the complaint, allege nothing more than that the defendant is a foreign corporation which, standing alone, would not confer jurisdiction. The court deems it unnecessary under these circumstances to analyze the intricacies of the Hague Convention.
The motion to dismiss on the grounds of lack of personal jurisdiction is granted. CT Page 14589
L. PAUL SULLIVAN, J.